AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the

FILED
SEP 0 4 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| Yitzchok Rokowsky | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13:15-cv-2059 |
| Sungames Corp. and Neil Chandran, | ) |
| *Defendant* | ) 2:18mc0129 WBS KJN |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___July 29, 2015___.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 8/17/2018

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

**WILLIAM T. WALSH**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YITZCHOK ROKOWSKY, | Civil Action No. 15-2059(FLW)(LHG) |
| Plaintiff, | **ORDER** |
| v. | |
| SUNGAME CORP., et al., | |
| Defendants. | |

**THIS MATTER** having been opened to this Court by Plaintiff Yitzchok Rokowsky ("Plaintiff") on two separate Motions for Default Judgment against Defendants Neil Chandran ("Chandran") and Sungame Corporation ("Sungame"); it appearing that default was entered against Chandran and Sungame on May 29, 2015 for failure to appear or otherwise defend; it appearing that service of a notice of an application for default is not required unless the party has "appeared personally or by a representative"; it further appearing that the Motions are unopposed; having considered Plaintiff's submissions, the Court makes the following findings:

1. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).

2. On March 23, 2015, Plaintiff brought this action against Chandran and Sungame, as well as Defendants JP Morgan Chase & Co. ("Chase") and Robert Kloihoffer ("Kloihoffer"). As to Chandran, Sungame, and Kloihoffer, the Complaint asserts the following causes of action: Count 1, violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1 *et seq.*; Count 2, common law fraud; Count 3, theft; Count 4, contraction violation; and Count 7, securities violation.

3. The Summons and Complaint have been properly served on Chandran and Sungame; however, both Chandran and Sungame have failed to plead or otherwise defend in this action. Consequently, on May 29, 2015, following Plaintiff's Request for Default pursuant to Fed. R. Civ. P. 55(b)(1) the Clerk's Office entered an Entry of Default as to Chandran and Sungame. On June 22, 2015, Plaintiff filed the instant Motion for Default Judgment.

4. As damages, Plaintiff is seeking to recover $150,000 from Chandran and Sungame. The total consists of $50,000 compensatory damages, and treble damages under the New Jersey Consumer Fraud Act.

5. Because this Motion is unopposed, the Court will accept Plaintiff's allegations as true. Plaintiff alleged that he was solicited by Kloihofer, who offered to sale him 50 "Commander 3D Android Tablets" from his company, Sungame. These tablets were to be sold for $1000 each, but Plaintiff was to receive a 100% rebate of the purchase price. The terms were placed in writing and signed by Kloihofer. Sungame confirmed the terms of the transaction and made the promise in writing, including a promise that rebate checks for the full purchase price would be issued on or before March 30, 2014. Rokowsky purchased 50 tablets for a total cost of $50,000. No rebate check was ever issued, nor were the tablets ever delivered. When Plaintiff attempted to contact Kloihofer and Sungame, Defendant

Chandran, an officer of Sungame, communicated to Plaintiff that the purchase money would be returned. Chandran also told Plaintiff not to challenge the credit card charges; relying on these representations, Plaintiff withdrew his earlier challenge to the purchase. However, no rebate was ever made, and the tablets were never delivered.

6. "To state a cause of action under the [New Jersey Consumer Fraud Act] a plaintiff must allege: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements—defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Arcand v. Brother Intern. Corp.*, 673 F.Supp.2d 282, 296 (D.N.J. 2009) (quoting *Parker v. Howmedica Osteonics Corp.*, Civ. No. 07–02400(JLL), 2008 WL 141628, at *2 (D.N.J. Jan.14, 2008)). Here, Defendants Sungame and Chandran solicited a payment from Plaintiff by telling Plaintiff that Sungame would sell him goods, and later persuaded him not to challenge this payment. This conduct was unlawful because it was fraudulent: the tablets were never delivered. As a result of Defendants' conduct, Plaintiff lost $50,000. This conduct, which was done in connection with the sale of merchandise as required by N.J. Stat. Ann. § 56:8-2, satisfies the requirements of the New Jersey Consumer Fraud Act. Based on this violation, Plaintiff is entitled to recover "threefold the damages sustained." N.J. Stat. Ann. 56:8-19.

7. Plaintiff's remaining claims against Chandran and Sungame—common law fraud, "theft," breach of contract, and breach of securities law, are alternative theories of liability for a single course of conduct and a single injury. Where a plaintiff's case concerns a single course of conduct . . . and a single injury" the Third Circuit has held that the Plaintiff should not "recover those profits twice or thrice over for each legal theory advanced in favor of liability." *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 218 (3d Cir.

1992). Moreover, Plaintiff does not seek additional damages with respect to these claims. Accordingly, I need not address these claims further.

8. Plaintiff has indicated to the Court that he has been unable to serve Defendant Kloihofer, but that Plaintiff is still attempting to effectuate service. Under Local Civil Rule 41.1, civil cases which have been pending for more than 120 days without any proceedings must be dismissed by the Court. Although 120 days have passed since the filing of the Complaint, the Court finds that Plaintiff is attempting in good faith to prosecute the claims against Kloiheffer, and will therefore give Plaintiff 30 days to effectuate service.

Accordingly, the Court having reviewed the submissions in connection with the Motion pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 29th day of July, 2015,

**ORDERED** and **ADJUDGED** that Plaintiff's Motions for Default Judgment against Defendants Chandran and Sungame are GRANTED;

**ORDERED** and **ADJUDGED** that Defendants Chandran and Sungame are jointly and severally obliged to pay Plaintiff the total amount of $150,000 and judgment shall be entered against each of them in that amount; and it is further

**ORDERED** that Plaintiff is granted an extension of 30 days to serve process on Defendant Kloihofer and file notice with the Court of such service.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk

# ANTHONY L. VELASQUEZ, ESQUIRE

575 Route 70, 2nd Floor
P.O. Box 1030
Brick, NJ 08723
732-903-1966 PHONE
732-416-7861 FAX
AVelasquez@tryko.com

**VIA U.S. MAIL**　　　　　　　　　　　　　　　　　　　　　　　　August 23, 2018
Clerk, U.S. Dist. Court, Eastern Dist. of California
Matsui Federal Courthouse
501 I Street, Room 4-200
Sacramento, CA 95814


　　**Re:　Rokowsky v. Sungame, et al., 3:15-cv-02059 (FLW)(LHG)**

Dear Clerk:

　　The undersigned represents Plaintiff Yitzchok Rokowsky. We obtained judgment in U.S. District Court, District of the New Jersey, jointly and severally in 2015 against two (2) defendants in this matter: (a) Sungame Corporation, and (b) Neil Chandran.

　　Defendant Neil Chandran has a residence in Folsom, CA (Sacramento County) which lies in your district. We seek to register this judgment from U.S. District Court (NJ) in your district (Eastern District of California).

　　I enclose herewith a Certified Copy of the judgment, along with a Clerk's Certification (AO-451). I have also enclosed the miscellaneous filing fee of $47 for this matter, payable to the U.S. District Court.

　　Additionally, I have enclosed a self-addressed, stamped envelope and I request a conformed copy and receipt to be returned to me. Thank you.

　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　Anthony L. Velasquez, Esq.

ALV/ms

/encls. (check, AO-451, cert. jdgmt.)